## U.S. DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRMA VILLATORO-VALLE<br>6307 Broadway, Apt 8<br>West New York, NJ 07093<br>&<br>JERLIS A. VASQUEZ-VILLALTA<br>324 50th St. Apt 1<br>West New York, NJ 07093<br>&<br>EMMANUEL ALMANZAR f/k/a EMMANUEL<br>GUZMAN<br>141 US 46 W. Apt 7E<br>Lodi, NJ 07644<br>              Plaintiffs<br><br>    v.<br><br>NOAH YODER<br>56 Potter St.<br>Karthaus, PA 16845<br>&<br>TOWNSEND BROTHERS TRUCKING CO.<br>3570 Likens Rd.<br>Marion, OH 43302<br>            Defendants | CIVIL ACTION NO.: 5:22-CV-1505<br><br>AMENDED COMPLAINT<br>AND JURY DEMAND |

## CIVIL ACTION AMENDED COMPLAINT

Plaintiffs, Irma Villatoro-Valle, Jerlis Vasquez-Villalta, and Emmanuel Almanzar formerly known as Emmanuel Guzman, by and through their below signed attorney, file this Civil Action Amended Complaint against the defendants, and aver as follows:

### PARTIES

1.      Plaintiff, Irma Villatoro-Valle, is a resident of the State of New Jersey with an address of 6307 Broadway, Apt 8, West New York, New Jersey.

2.      Plaintiff, Jerlis Vasquez-Villalta, is a resident of the State of New Jersey with an address of 324 50th St. Apt 1, West New York, New Jersey.

3.      Plaintiff, Emmanuel Almanzar, formerly known as Emmanuel Guzman, is a resident of the State of New Jersey with an address of 13 Hopper Street, Apartment 1, Haledon, New Jersey.

4.      Defendant Noah Yoder (hereafter the "Defendant Driver") is an adult individual who, upon information and belief, resides at the above-captioned address, and is a citizen of the City of Karthaus and Commonwealth of Pennsylvania with an address of 56 Potter Street, Karthaus, PA 16845.

5.      Defendant Townsend Brothers Trucking Co. (hereafter the "Defendant Townsend") is an interstate trucking company carrying DOT number 326718, a corporation with a principal place of business as captioned above and organized under the laws of the State of Ohio with an address of 3570 Likens Rd. Marion 43302.

## STATEMENT OF JURISDICTION

6.      The parties in this matter are citizens of different states and the amount in controversy exceeds the sum of $150,000.00, exclusive of interest and costs.

7.      The incident in which the plaintiffs were injured, that gives rise to this case, occurred in Berks County, Pennsylvania, located in the U.S.D.C. of Eastern District of Pennsylvania.

## BACKGROUND FACTS

8.      On or about 11:15 p.m. on April 23, 2020, Defendant Driver was transporting goods in a 1998 Red Semi Truck bearing Ohio License Plate PWH2706 (hereafter "Semi Truck") trailing a semi-trailer bearing Ohio License Plate number TRK3269 (hereafter "Semi Trailer").

9.      Alternatively, at said date and time, Defendant Driver was transporting goods in a 2007 International Semi-Truck bearing Ohio License Plate PWH2706 (hereafter "Semi-Truck") trailing a semi-trailer bearing Ohio License Plate number TRK3269 (hereafter "Semi-Trailer").

10.     At said date and time, Defendant Townsend owned the subject Semi-Truck and Semi-Trailer.

11.     At said date and time, Defendant Townsend owned the DOT number registered to the semi-truck pursuant to the Federal Motor Carrier Safety Act.

12.     At said date and time, Defendant Driver, Noah Yoder, was driving the subject truck.

13.      Defendant Driver lacked competence to deliver this load in a safe and proper manner.

14.     Defendant Townsend knew or should have known Defendant Driver lacked the competence to deliver this load in a safe and proper manner.

15.     On April 23, 2020, at or around 11:15 p.m. Plaintiff Emmanuel Almanzar was properly and with authorization, driving a 2015 white Honda civic bearing NJ license plate F89KHE (hereafter the "Plaintiff Vehicle") westbound on Interstate 78 near mile marker 29 in the inside lane.

16.     At said date and time, Irma Villatoro-Valle and Jerlis Vasquez-Villalta were passengers in the Plaintiff Vehicle.

17.     At said date and time, Defendant Driver was driving the aforementioned Semi Truck and Trailer westbound on Interstate 78 near mile marker 29 in the outside lane.

18.     While Plaintiff Emmanuel Almanzar was driving the vehicle, suddenly and without warning, the vehicle driven by Defendant Driver and owned by Defendant Townsend

moved into the inside lane, making contact with the passenger side of the car with such force it pushed the car from the road and into the median guard rail, causing significant and substantial damage and personal injuries more completely described below.

19.     It is believed, and therefore averred, that Defendants breached their duties of care and applicable state and federal statutes and regulations that were designed to prevent harm to the public generally and to these Plaintiffs specifically.

20.     As a result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Irma Villatoro-Valle suffered significant, severe, and life-altering personal injuries, including, but not limited to Grade 1 retrolisthesis of L4 over L5, disc bulging at L4-L5 contacting the thecal sac, lumbar muscle spasms, cervical muscle spasms, lumbar strain and sprain, cervical strain and sprain, cervical facet joint syndrome requiring epidural injections, median branch blocks, and future surgical intervention included but not limited to C3-5 rhizotomies, head injury, headaches, abrasions to neck and face, jaw sprain, tinnitus, buzzing in ears, muscle aches, bruises, contusions, sleep disturbance, depression and anxiety, aggravations of known and unknown conditions, and a shock to the nerves and nervous system, some or all of which may be permanent in nature and the full extent of which may not yet be realized.

21.     As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Irma Villatoro-Valle has suffered and will continue to suffer from serious and permanent injuries, all of which have caused her great pain and suffering and disability and other conditions, as well as various other ills and injuries, all of which are or may be permanent.

22.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Irma Villatoro-Valle has been obliged to receive and undergo medical/rehabilitative attention and care, including but not limited to surgical intervention including cervical rhizotomy at C3, C4, and C5 on the right side, multiple epidural injections into her cervical and lumbar spine, medial branch block at C3, C4, and C5, lumbar facet joint injections at L3-4 and L4-5, and she will or may require future surgical repair including but not limited to, neck and/or back surgery, resulting in future surgical arthritis, scarring, pain and disfigurement, and may require future injections in his neck and/or back and/or additional surgery on her neck and/or back, as well as the stress and anxiety related to undergoing such surgical procedure(s).

23.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, Plaintiff Irma Villatoro-Valle has suffered a loss of her earnings, and impairment of earning capacity or power, for which a claim is hereby made.

24.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Irma Villatoro-Valle, has been prevented from attending to her usual activities and duties, and may be so prevented for an indefinite period in the future, all to her great detriment and loss.

25.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Irma Villatoro-Valle endured, and continues to endure, physical pain and suffering, mental anguish and emotional suffering, embarrassment, and humiliation and may/will continue to suffer same for an indefinite period in the future.

26.     As a result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Jerlis A. Vasquez-Villalta suffered significant, severe, and life-altering personal injuries, including, but not limited to L5-S1 midline annular tear with broad-based midline disc herniation resulting in severe stenosis and compression of the nerve root exit at L5 and S1, L4-L5 annular tear and midline/right paracentral focally extruded disc herniation resulting in spinal stenosis and severe narrowing of the right lateral recess compressing the descending right L5 nerve root and bilateral neural foraminal narrowing, lumbar back injury requiring injections and surgical intervention, thoracic back injury requiring injections and possible future surgical intervention, T4-5 focal midline disc herniation, T6-7 left paracentral disc herniation with left recess narrowing, T8-9 midline disc herniation resulting in bilateral recess narrowing, cervical disc bulging at C4-5 and C6-C7, disc bulge at C5-6 resulting in bilateral neural foraminal narrowing, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, limited range of movement in cervical, thoracic, and lumbar spine, head trauma, head injury, injury to eyes, eye deviations, headache, abrasions, injury to left thumb, injury to the abdomen, surgical scaring and arthritis, anxiety and depression, aggravations of known and unknown conditions, and a shock to the nerves and nervous system, some or all of which may be permanent in nature and the full extent of which may not yet be realized.

27.     As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Jerlis A. Vasquez-Villalta has suffered and will continue to suffer from serious and permanent injuries, all of which have caused him great pain and suffering and disability and other conditions, as well as various other ills and injuries, all of which are or may be permanent.

28.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Jerlis A. Vasquez-Villalta has been obliged to receive and undergo medical/rehabilitative attention and care, including but not limited right L4-5 hemilaminectomy and microdiscectomy, right L5-S1 hemilaminectomy, partial medial facetectomy, and foraminotomy through different fascial incision; two midline lumbar epidural steroid injections at L4-5; two Thoracic epidural steroid injections at T11-T12., and he require future surgical repair including but not limited to, lumbar fusion at L5-S1, resulting in future surgical arthritis, scarring, pain and disfigurement, and may require future injections in his neck and/or back and/or additional surgery on his neck and/or back, as well as the stress and anxiety related to undergoing such surgical procedure(s).

29.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, Plaintiff Jerlis A. Vasquez-Villalta has suffered a loss of his earnings, and impairment of earning capacity or power, for which a claim is hereby made.

30.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Jerlis A. Vasquez-Villalta has been prevented from attending to his usual activities and duties and may be so prevented for an indefinite period in the future, all to his great detriment and loss.

31.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Jerlis A. Vasquez-Villalta endured, and continues to endure, physical pain and suffering, mental anguish and emotional suffering, embarrassment, and humiliation and may/will continue to suffer same for an indefinite period in the future.

32.     As a result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Emmanuel Almanzar suffered significant, severe, and life-altering personal injuries, including, but not limited to inter-meniscal tear of the medial meniscus of the right knee, left knee joint effusion consistent with trauma, partial tear of the distal subscapularis tendon, disc bulging at L1-L2 and L5-S1 impinging on the descending nerve roots, disc herniation at C4-5, C5-6, and C6-7,  disc bulging at T2-3, T4-5, T5-6, T7-8, T8-9, T9-10, cervical radiculopathy at left C6 and C7, chondomalacia patellae in the right and left knee, sprain of the ligaments of the right and left ankle, tendinitis in the right and left shoulder, strain of the muscles of the arms, contusion of the right and left knee, bruises, abrasions, contusions to the face and jaw, aggravations of known and unknown conditions, and a shock to the nerves and nervous system, some or all of which may be permanent in nature and the full extent of which may not yet be realized.

33.     As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Emmanuel Almanzar has suffered and will continue to suffer from serious and permanent injuries, all of which have caused him great pain and suffering and disability and other conditions, as well as various other ills and injuries, all of which are or may be permanent.

34.     As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Emmanuel Almanzar has been obliged to receive and undergo medical/rehabilitative attention and care, including but not limited to multiple injections into his cervical spine at C3-4 and C4-5 and his thoracic spine at T11-12, and he will or may require future surgical repair including but not limited to, neck surgery, resulting in future surgical arthritis, scarring, pain and disfigurement,

and may require future injections in his neck and/or back and/or additional surgery on his neck and/or back, as well as the stress and anxiety related to undergoing such surgical procedure(s).

35.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, Plaintiff Emmanuel Almanzar has suffered a loss of his earnings, and impairment of earning capacity or power, for which a claim is hereby made.

36.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Emmanuel Almanzar has been prevented from attending to his usual activities and duties, and may be so prevented for an indefinite period in the future, all to his great detriment and loss.

37.    As a further result of the negligence, carelessness, recklessness, gross negligence and/or willful and wanton misconduct of Defendants, jointly and severally, Plaintiff, Emmanuel Almanzar endured, and continues to endure, physical pain and suffering, mental anguish and emotional suffering, embarrassment, and humiliation and may/will continue to suffer same for an indefinite period in the future.

### COUNT I
### NEGLIGENCE
### PLAINTIFFS V. DEFENDANT DRIVER

38.    Plaintiffs repeat, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 37, as though they were fully set forth at length herein.

39.    The Defendant Driver negligently breached his duties to drive the truck in accordance with applicable laws and regulations intended to ensure the safe and reasonable operation of a commercial motor vehicle for the safety of the public.

40.     The aforesaid incident was caused by the carelessness, negligence, and recklessness of the Defendant Truck driver and consisted of the following:

a.     Operating his vehicle at an excessive rate of speed under the circumstances;

b.     Failing to have his vehicle under proper and adequate control;

c.     Failing to apply the brakes in time to avoid a motor vehicle crash;

d.     Failing to keep a proper lookout for other vehicles;

e.     Failing to drive in the travel lanes of the roadway;

f.     Operating his vehicle in an unsafe and distracted manner;

g.     Failing to keep his vehicle traveling in a designated lane of travel;

h.     Operating a commercial vehicle in violation of applicable federal and state laws, regulations, and statutes, including but not limited to:

i.     49 C.F.R. §383.111 Required Knowledge;

ii.     49 C.F.R. §383.113 Required Skills;

iii.     49 C.F.R. §390.3(e), Knowledge and Compliance of the Regulations;

iv.     49 C.F.R. §390.11 Motor Carrier to require Observance of Driver Regulations;

v.     49 C.F.R. §391 Qualifications of Drivers;

vi.     49 C.F.R. §392.3 Ill or Fatigued operator;

vii.     49 C.F.R. §392.6 Schedules to conform with speed limits;

viii.     49 C.F.R. §395 Hours of Service of Drivers;

ix.     FMCSR 383.93 Endorsements;

      x.      FMCSR 391.11 General Qualifications of Drivers;

      xi.     FMCSR 392.2 Applicable Operating Rules;

      xii.    FMCSR 392.6 Schedules to conform with Speed Limits;

      xiii.   PA Title 75 § 3714 Careless Driving;

      xiv.   PA Title 75 § 3736 Reckless driving;

    i.      Otherwise failing to exercise due and proper care under the circumstances.

41.     The actions and/or inactions of Defendant Driver were done in conscious disregard of the risks of the activity and/or lack of activity to the Plaintiffs and the public at large.

42.     The aforesaid negligence, carelessness, and recklessness of the Defendant Driver resulted in damages and personal injuries suffered by the Plaintiffs' described and incorporated by reference in paragraphs 20 through 37.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendant Driver, in an amount in excess of $150,000.00 (exclusive of costs and interest), together with punitive damages, pre- and post-judgment interest, delay damages, costs and whatsoever other relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT II
## NEGLIGENCE PER SE
## PLAINTIFFS V. DEFENDANT DRIVER

43.     Plaintiffs repeat, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 42, as though they were fully set forth at length herein.

44.     Defendant Driver violated state and federal statutes and regulations, including but not limited to:

i.   49 C.F.R. §383.111 Required Knowledge;

ii.  49 C.F.R. §383.113 Required Skills;

iii. 49 C.F.R. §390.3(e), Knowledge and Compliance of the
     Regulations;

iv.  49 C.F.R. §390.11 Motor Carrier to require Observance of Driver
     Regulations;

v.   49 C.F.R. §391 Qualifications of Drivers;

vi.  49 C.F.R. §392.3 Ill or Fatigued operator;

vii. 49 C.F.R. §392.6 Schedules to conform with speed limits;

viii. 49 C.F.R. §395 hours of Service of Drivers;

ix.  FMCSR 383.93 Endorsements;

x.   FMCSR 391.11 General Qualifications of Drivers;

xi.  FMCSR 392.2 Applicable Operating Rules;

xii. FMCSR 392.6 Schedules to conform with Speed Limits;

xiii. PA Title 75 § 3714 Careless Driving;

xiv. PA Title 75 § 3736 Reckless driving;

45.    The careless, negligent, and reckless violations of state and federal statutes and
regulations by Defendants were the direct and proximate cause of the Plaintiffs' described and
incorporated by reference in paragraphs 20 through 37.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against
Defendant Driver, in an amount in excess of $150,000.00 (exclusive of costs and interest),
together with punitive damages, pre- and post-judgment interest, delay damages, costs and

whatsoever other relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT III
## NEGLIGENCE
## PLAINTIFFS V. DEFENDANT TOWNSEND

46.     Plaintiffs repeat, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 45, as though they were fully set forth at length herein.

47.     At all relevant times, the Defendant Townsend acted individually and/or by and through its agents, servants, partners, joint venture participants and/or employees, including the Defendant Driver and Defendant Townsend, each acting within the course and scope of their respective agency, service and/or employment in the furtherance of the business of Defendant Townsend and each other.

48.     At all times relevant hereto the Defendant Driver was incompetent and unfit to drive the vehicle safely.

49.     The Defendant Townsend knew or should have known that the Defendant Driver was incompetent, unfit, or otherwise incapable of the safely driving the vehicle.

50.     The Defendant Townsend knew or should have known that the Defendant Driver's driving history and record and thus known he was incompetent, unfit, or otherwise incapable of safely driving the vehicle.

51.     The aforesaid accident was caused by the negligence and carelessness of the Defendant Townsend acting by and through its agents, servants, employees, partners, workers, representatives and/or contractors, including specifically the Defendant Driver and consisted of the following:

a. Failure to properly train its employees, staff and/or contractors;

b. Failure to properly and adequately monitor the action of its employees, partners, and/or contractors including the Defendant Driver;

c. Permitting its employee and/or contractor the Defendant Driver to operate his vehicle when it knew or should have known that the Defendant Driver was unfit and unprepared to operate;

d. Failure to properly instruct, supervise and/or oversee its employees and/or partners, including the Defendant Driver in the use of equipment and technology in his vehicle, necessary to protect the public from harm;

e. Failure to adopt, enact, apply and enforce proper policies, procedures, safety programs, precautions, measures, and plans to ensure the safety of the public including the Plaintiffs;

f. Selecting, employing and retaining of incompetent, unqualified, careless, negligent, and/or inexperienced employees, agents, workmen, supervisors, partners and/or contractors, including the Defendant Driver;

g. Failure to provide adequate and proper training to employees, workmen, supervisory staff, partners and/or contractors with respect to the safe operation of motor vehicles in use for the mutual benefit of the Defendants;

h. Violations of statutes, rules, regulations, codes, directives, manuals and/or publications of the Commonwealth of Pennsylvania and its agencies and/or local ordinances, rules, regulations and guidelines;

i. Violations of federal statutes, regulations, codes, directives, manuals and/or publications of the federal government and its agencies;

j.  Failure to protect and safeguard the health and well-being of drivers lawfully using roadways, including the Plaintiffs;

k.  Failure to ensure that its drivers, including the Defendant Driver, operated motor vehicles safely with reasonable care, and/or according to all applicable traffic laws;

l.  Failure to ensure that its drivers, particularly the Defendant Driver, were trained, qualified and/or certified to properly operate a motor vehicle;

m.  Failure to instruct, train, test, monitor and/or supervise its drivers, including the Defendant Driver, in the recognition and avoidance of unsafe conditions and/or unsafe motor vehicle operation when performing rideshare services;

n.  Creating a hazardous condition and/or situation which Defendant Townsend knew or should have known could cause serious injury to persons such as the Plaintiffs;

o.  Failure to perform or adequately perform a Safety Task Analysis or Job Hazard Analysis;

p.  Failure to ensure that the Defendant Driver performed all work in accordance with all applicable laws, codes, regulations, and ordinances;

q.  Failure to adhere to industry standards and/or its own internal safety standards;

r.  Otherwise failing to exercise due and proper care under the circumstances.

52.     The aforesaid liability causing conduct of the Defendant Townsend resulted in damages and personal injuries suffered by the Plaintiffs' described and incorporated by reference in paragraphs 20 through 37.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendant Townsend, in an amount in excess of $150,000.00 (exclusive of costs and interest),

together with punitive damages, pre- and post-judgment interest, delay damages, costs and whatsoever other relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT IV
### VICARIOUS LIABILITY
### PLAINTIFFS V. DEFENDANT TOWNSEND

53.     Plaintiffs repeat, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 52, as though they were fully set forth at length herein.

54.     At all relevant times, the Defendant Driver was the Defendant Townsend's agent, employee, servant, and/or independent contractor and was acting within the course and scope of his employment, under the direct control of the Defendant Townsend.

55.     Accordingly, the Defendant Townsend is vicariously liable for the Defendant Driver's aforementioned liability causing conduct.

56.     The aforesaid liability causing conduct of the Defendant Townsend resulted in damages and personal injuries suffered by the Plaintiffs described and incorporated by reference in paragraphs 20 through 37.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendant Townsend, in an amount in excess of $150,000.00 (exclusive of costs and interest), together with punitive damages, pre- and post-judgment interest, delay damages, costs and whatsoever other relief this Honorable Court deems just and appropriate under the circumstances.

## COUNT V
### NEGLIGENCE PER SE
### PLAINTIFFS V. DEFENDANT TOWNSEND

57.     Plaintiffs repeat, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 56, as though they were fully set forth at length herein.

58.     Defendant Townsend, violated—and encouraged Defendant Driver to violate—state and federal statutes and regulations, including but not limited to:

   i.     49 C.F.R. §383.111 Required Knowledge;

   ii.    49 C.F.R. §383.113 Required Skills;

   iii.   49 C.F.R. §390.3(e), Knowledge and Compliance of the Regulations;

   iv.    49 C.F.R. §390.11 Motor Carrier to require Observance of Driver Regulations;

   v.     49 C.F.R. §391 Qualifications of Drivers;

   vi.    49 C.F.R. §392.3 Ill or Fatigued operator;

   vii.   49 C.F.R. §392.6 Schedules to conform with speed limits;

   viii.  49 C.F.R. §395 hours of Service of Drivers;

   ix.    FMCSR 383.93 Endorsements;

   x.     FMCSR 391.11 General Qualifications of Drivers;

   xi.    FMCSR 392.2 Applicable Operating Rules;

   xii.   FMCSR 392.6 Schedules to conform with Speed Limits;

   xiii.  PA Title 75 § 3714 Careless Driving;

   xiv.   PA Title 75 § 3736 Reckless driving;

59.     As a direct and proximate result of the violations by Defendant Townsend of state and federal statutes and regulations designed to protect people like the Plaintiffs, causing

Plaintiffs to suffer damages described and incorporated by reference in paragraphs 20 through 37.

WHEREFORE, Plaintiffs respectfully demand judgment in their favor, and against Defendant Townsend, jointly and/or severally, in an amount in excess of $150,000.00 (exclusive of costs and interest), together with punitive damages, pre- and post-judgment interest, delay damages, costs and whatsoever other relief this Honorable Court deems just and appropriate under the circumstances.

SAFFREN & WEINBERG

DATED: 2.14.23        BY:

Marc A. Weinberg, Esquire
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
Phone: 215-576-0100
Fax: 215-576-6288
Attorney ID Number: 60643
Attorney for Plaintiffs

## **V E R I F I C A T I O N**

I, _____Jerlis Vasquez_____, hereby state that I am the Plaintiff in the foregoing action and

that the facts in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief; and that the statements therein are made subject to the penalties of Federal

Law relating to unsworn falsification to authorities.

_Jerlis Vasquez_____
SIGNATURE

Dated: __2/13/2023_____

# V E R I F I C A T I O N

Emmanuel Almanzar

I, _____, hereby state that I am the Plaintiff in the foregoing action and

that the facts in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief; and that the statements therein are made subject to the penalties of Federal

Law relating to unsworn falsification to authorities.

DocuSigned by:

*Emmanuel Almanzar*

000346003AF045E...
_____

SIGNATURE

Dated: 2/13/2023 _____

## V E R I F I C A T I O N

I, _Irma Villatoro-Valle_____, hereby state that I am the Plaintiff in the foregoing action and

that the facts in the foregoing Complaint are true and correct to the best of my knowledge,

information and belief; and that the statements therein are made subject to the penalties of Federal

Law relating to unsworn falsification to authorities.

DocuSigned by:

*Irma Villatoro-Valle*
_____
SIGNATURE

Dated: 2/13/2023 _____

## CERTIFICATE OF SERVICE

I, Marc A. Weinberg, Esquire, certify that a true and correct copy of Plaintiff's FIRST

AMENDED COMPLAINT was electronically filed with the Court on the date below and is

available for viewing and downloading from the ECF System maintained by the Eastern District

Of Pennsylvania, and to best knowledge of the undersigned, all parties are represented by counsel

who have access to the ECF System.

SAFFREN & WEINBERG

BY:

MARC A. WEINBERG, ESQ.
*Attorney for Plaintiff*
Pa. Atty. I.D. 60643
815 Greenwood Ave, Suite 22
Jenkintown, PA 19046
Phone: (215) 576-0100
Mweinberg@saffwein.com

Dated: February 14, 2023